Old Brookville. Mr. Bluestone? Good morning Your Honor. May it please the court. This is Andrew Bluestone, arguing for appellant in this matter. It's hard to hear, Mark. I'll speak into the headphone then. Is that better?   That's better. Thank you. Great. This is Andrew Bluestone, arguing for appellant. In this case, Your Honors, res judicata was unwarranted, unsupported, and wrongfully applied to the record before district court. Res judicata is a three-legged stool which depends upon the question of final judgment, same parties, and was or could have been brought. In this case, the first of the three legs was missing. There was no final judgment. In the case before district court, it arose in state court with a decision on a hybrid complaint. A hybrid complaint is very unusual in New York litigation and consists of a combination of an Article 78 proceeding along with a conventional claim for either declaratory judgment or compensatory damages. Well, there was a judgment on the merits to the Article 78 portion of the claim, right? Correct, and that's not brought up on this appeal at all. But then couldn't you have also brought – I mean, the other claims were part of the same action, so the judgment on the merits isn't required for every piece of the case, is it? I believe that it is, and I believe that I quoted a number of cases in the argument that say that the two parts have to be treated separately. I think matter of Bonica Properties LLC discusses this particular issue that you're raising. It says that in a hybrid proceeding and action, separate procedural rules apply to those causes of action which are asserted pursuant to 78, on the one hand, and those to recover damages for declaratory relief on the other hand. Article 78 under New York law is a summary proceeding in which the court is expected to make a summary determination, also known as a summary trial of the issues, at the time of the petition. The rest of the claims in the hybrid, which were conventional claims, are subject to analysis under CPLR 3211. Dismissals under CPLR 3211 are presumptively not final. There are exceptions, but those exceptions require that certain language be inserted into the decision. The words final, on the merits, or with prejudice are required to be seen so that it is clear to the examining court later on a res judicata analysis. This is Judge Park. What case holds that I thought there wasn't a magic words requirement for this? Yes, I believe that that would be Randall's Island Aquatic Leisure, Pretzel Time, Inc., and Plattsburgh Quarries, Inc., which are found between pages 16 and 21 of the brief. I'm sorry. This is Judge Nardini. I thought the question is just whether it's appearing, or whether we can discern from the judgment what the court did. Again, just to go back to the magic words, and could I just turn your attention to the judgment itself, because that's what we're all looking at, right? It's page 56 of the appendix. Yes. And I guess one thing that I noticed is that, well, we're all looking at the line that says any portion of the petitioner's hybrid petition complaint not granted is denied, right? That's correct. And one of the arguments that your opponent makes is that, well, they don't say dismissed, it says denied. That's the argument I make. Right. Right. Well, but then before it says the relief is granted to the extent set forth above the respondent's motion of dismissal is denied. Why are we not reading that since they adjudicated the grant on the merits? Why would we not assume that the denial was on the merits? Well, you aren't permitted to assume that under New York law, because a dismissal of a conventional cause of action under 3211 is presumptively without prejudice. Right, but he didn't dismiss it. He didn't dismiss it. He denied it. And I don't believe he had the power to deny it. But that would be a reason for you to have collaterally or to appealed. I mean, isn't it possible that a state court may have done something that violated state law, but it becomes final, but we don't sit in review of the state judgment. Right. I mean, what if the court had done some other impermissible thing under state law, but you had not appealed? It would still be final, right? One minute. It would not be final because the court… It would not be final? No, not final within the meaning of res judicata. So we have the power to collaterally review the state court's decision? What if he had misapplied Article 78? You would only have the right to determine whether or not there was a final judgment before the district court. And the district court has to scrutinize what is before it in order to determine as a matter of law whether it's final or not. So let me pose this question. If he had said, I deny it on the merits, and you had a good argument about why he had no power to deny it on the merits, could we say then, yeah, even though the court said it's on the merits, we say it's not because he made a mistake. He wasn't allowed to review what he did, or he had to give you a full trial before he did. Are you saying that we would have the power to say he said it's on the merits, but it ought not to have been on the merits? I don't think so, because he would have followed the facial requirement to use the word on the merits. The judge indeed failed or intentionally didn't put in that language that would have made it facially sufficient as a final judgment. Instead, the court exceeded its power and denied rather than dismissed the action. And district court was required to scrutinize the case before it to determine whether as a matter of law it was a final or not a final judgment. That is not saying that we could have gotten relief in state court on the basis of district court's decision. But district court was nevertheless, in essence, de novo, required to scrutinize what was before it to determine whether it was a final judgment within the meaning of res judicata. Moving on, there are really... You've reserved three minutes for rebuttal, Mr. Lucent. We'll hear from your adversary, Mr. Millis. May it please the court, I'm Paul F. Millis from the law firm of Meyer, Suase, English & Kline. I represent the defendant, Apelles. Your Honor's pick up on a very important point, and that is what counsel is arguing is that you should pay attention not to the words used by the court, which were denied, quite clearly denied, or in essence to say he just didn't have the power to do what he did. Now, look, whatever Justice Parger did, he made a decision in this case to essentially grant a portion of it, deny the remainder of it. They had a choice. Apelles had a choice. If they thought that Justice Parger did not have the power and thus had made a wrong decision, they could have moved to re-argue and said, Judge, you got the law wrong here. Ultimately, you couldn't do that. Essentially, Justice Parger, if you look at this decision, practically speaking, it was almost like he was deciding summary judgment. He decided to grant all the relief in one fell swoop between grantings and denials and essentially close the case on his docket for whatever reason. But they didn't make a motion to re-argue, nor did they appeal in the sense that they withdrew their appeal. So whatever appeal they had filed, which is really where this needs to be decided, to have the district court or the second circuit sit in judgment here and say, I'm going to make a decision on whether Justice Parger had the power under the CPLR to do what he did. Putting aside that argument, isn't it true that there is some ambiguity here because the court could have been much more helpful to us had it used the words on the merits or with prejudice or without prejudice. And here all we know is that the petition and complaint was in some part denied, but we don't know what the basis was, right? Which happens quite often, Your Honor. It happens from time to time in decisions that are rendered. They are unclear as to the basis, therefore, but we have a decision that says denied quite clearly. We have a judgment that's filed subsequently. So what is clear is that that portion of the case was not going forward anymore. And what I like to think about is this. Okay, so let's say instead of appealing and then withdrawing or making a motion to re-argue, they just decided to refile the next day. It would be a related case, of course, as generally these things are because it's the same parties, same claims, and it goes before Justice Parger. And Justice Parger says, I thought I'd dispense with this. It's done. No more. If you don't like my decision, go to the appellate division. And then they decide, okay, well, let's just file a district court, federal district court, and see what they say. They have their rights, or they had their rights, and that is to see what Justice Parger did if the appellate division, second department, decided that they needed more clarity as to exactly what they did. They'd remand the matter to Justice Parger, who would then make a decision giving that sort of clarity. It is not correct to come before, which in this instance, because we removed it, which we had every right to do, the federal courts and say, let's try to parse out what Justice Parger did. So CPLR, this is Judge Park, 5013, says that judgment dismissing a cause of action before the close of a proponent's evidence is not a dismissal on the merits unless it specifies otherwise. And that seems to create a presumption that a dismissal is not on the merits. And so here, we don't have any information other than basically the decision was everything else was denied. Shouldn't we apply a presumption that it wasn't on the merits? Under these circumstances, in this particular case, with a decision that says denied and makes it quite clear everything else is denied, and then a judgment which follows that and then is filed in the state court system, and then I believe that no, this should not be a situation where the district court decides, well, we're going to essentially, since we don't know or we think we don't know, or it's argued that you don't know, that the matter should be revived for the purposes of relitigating the whole matter, which could have been dealt with on an appeal, which they decided to withdraw for whatever reason, which they decided not to challenge the underlying decision by a motion to re-argue, and then essentially get a second bite at the apple in federal district court. I would say that would be not appropriate. Is that because the judge didn't use the word dismissed but used the word denied? I'm not quite sure, Your Honor, whether it makes a significant difference between the two. Well, if he says dismissed and 5013 says that if you dismiss without specifying, we presume it's not with prejudice. Another issue. Another issue for appeal. Another issue for appeal because he didn't use the word dismissed. But if there's a state law that says if you dismiss at a certain stage of the case and you don't specify, then by operation of statute, you presume it's not without the merits. There's no need to appeal. But then, quite frankly, he denied it. No, no, no. Don't switch my hypothetical. Go with my hypothetical. So I will. So that's what I'm saying. Would your argument be different if he had said dismiss rather than deny? Is your argument, in other words, hinging on the fact that he said deny? I don't know if it's hinging on it, Your Honor. Obviously, it's a significant factor. In this instance, in reading the case law… Can you explain how it's a significant factor? Why is it significant? What difference does it make? Well, again, because of the language that was chosen. If counsel is going to stand on the statute and say it was dismissed and it was dismissed, therefore it's not on the merits, but the court used the word denied, who is going to sit in judgment on that? Who's the proper party to sit in judgment as to what exactly that means? Are they one and the same? Is the distinction without a difference? Or is it significant? I say, when you say denied, it's no relief. None. Not dismissed for failure to plead a cause of action or insufficiency of the pleading itself. It's denied. You don't get what you wanted. I'm telling you no. So, if that's the case, if that's the case, I say it's a stronger position that the claims themselves at that stage have been cut short, done. Whether he wanted to refile in federal court after a remand or not remand, whether he wanted to file another action in state court. So, who is best to sit and determine whether or not Justice Parga should have used more exacting language, clearer language? Does denied mean on the merits? I say it does. Counsel says it doesn't. I understand. We have a dispute. The appellate division is where that needs to be decided. Not in federal court. And not in a subsequent action. And not before court if it stayed in state court of concurrent jurisdiction to determine what that really meant. That's why appellate divisions are sometimes there to either affirm, reverse, or remand for clarification. And for whatever reason, they decided not to proceed with that process. And that's their choice. That's their choice. And for us now to sit and ruminate over exactly what did Justice Parga exactly do? What did he exactly mean? How does it fit within the statutory scheme that talks about whether a dismissal is on the merits or not? Well, he denied it. He denied it. We could stand there and guess. Well, we don't have to guess, right? Well, we don't have to guess the language. I'm sorry, he denied it as academic. I assume that academic means moot. Didn't he say that? He told us why. But, again, he said a number of things in his decision, but he says he talked about the relief and said it was denied. All denied. And then, obviously, talked about being moot. I don't know. If it was moot, again, we don't know for sure exactly what he's saying. He's saying, in the end, it's denied. It's denied. And you know what? In some respects, it couldn't have been moot. And that's one of the points, is that it couldn't really have been moot because, obviously, it's a separate and apart. It's a hybrid claim. Article 78 and one for damages. Two different things. So, if there was a mistake, the appellate court in the second department was the body that determined what that mistake was. Not a court of concurrence. Can you quickly address the significance of the fact that this is a hybrid Article 78 motion arising out of? In terms of, obviously, you have the injunctive relief, essentially, against the municipality and the damages that flow from whatever harm was befalling them. The judge, again, he could have parsed it, and in a sense, he did, and left the other matter open, but denied it all. So, I don't think it makes any grand significance, other than the fact that you have a pleading that asks for certain relief. Part of it in the Article 78 section. Part of it in the omnibus damages section. And the court dispensed with all of it in one fell swoop. Whether he should, whether he could have, whether he had the power, whether he violated the CPLR, that's the issue to be determined by the appellate division. Not by a court of concurrence jurisdiction. Not by the federal courts. That's my position, your honor. Thank you, counsel. Mr. Bluestone, you have three minutes remaining. Yes, your honor. Thank you. Mr. Millis is incorrect about whether or not a court of concurrence jurisdiction would have made a decision on this issue. In essence, the repleting in state court, which they removed, was a CPLR 205A repleting. It allowed for a repleting where the earlier case was dismissed not on the merits. And therefore, had it not been assigned to a judge, it wasn't ever, but if it had not been assigned to the same judge, another judge of concurrence jurisdiction would have decided whether or not the case could proceed. Now, they removed it to district court. And district court not only could, but had to make a decision about whether or not the three legs of dress judicata applied. The district court's record did not allow it to make a decision that this was a final judgment on the merits. Because there was insufficient information before it. Therefore, taking the position that it was final without any discussion or analysis of the finality of that decision means that dress judicata was unwarranted. Now, Mr. Millis takes the position that it's a very strong decision to deny everything. But the state court judge could not apply summary judgment to an initial pleading under 3211 without telling the parties it intended to do so, and doing so under 3211C and E. Manifestly and undisputedly, that was not done. Therefore, it could not be a final decision on this issue under any circumstances. Counsel, if this was denied as moot, if that were the basis that we were to ascertain from the order, would that, in your view, under New York law, be on the merits or not on the merits? And what would be your authority for whatever your proposition is? One minute. It would not be on the merits because it's my belief under the judgment statute that we were discussing earlier, which is 5015, as well as the case law that I cited in my opening brief and our reply brief, that it has to have the language on the merits with prejudice or final in order for it to be a final judgment before the full evidence has been presented by the petitioner. It's presumptively not on the merits under any of those circumstances, absent the necessary language. Thank you, Counsel. We'll take it under advisement.